FILED

JUL 2 2 2005

WARREN C. HAVENS
2649 Benvenue Avenue #1
Berkeley, California 94704
Tel: (510) 848-7797
Fax: (510) 841-2226

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*In Propria Persona*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WARREN C. HAVENS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATTON BOGGS, LLP, a Limited Law Partnership, STEVEN SCHNEEBAUM, an individual, and DOES 1 through 10,<br><br>Defendants. | CASE NO. _____<br><br>**COMPLAINT FOR PROFESSIONAL NEGLIGENCE, BREACH OF CONTRACT; REQUEST FOR JURY TRIAL**<br><br>CASE NUMBER 1:05CV01454<br>JUDGE: Henry H. Kennedy<br>DECK TYPE: Contract<br>DATE STAMP: 07/22/2005 |

Plaintiff Warren C. Havens for his Complaint herein alleges as follows:

### JURISDICTION AND VENUE

1.  Federal diversity jurisdiction is proper under 28 U.S.C. § 1332(a)(1), because the controversy is between citizens of different states and the amount in controversy exceeds $75,000.00.

2.  Venue is proper in this judicial district because the underlying lawsuit (in which Defendants represented Plaintiff and engaged in actions and inactions subject of this Complaint) was pending in this district and the Defendants' places of business are in this district.

3. This Court has personal jurisdiction over each of the Defendants because they either reside in the District of Columbia or have their principal place of business in the District of Columbia and have committed the acts complained of herein in the District of Columbia.

## THE PARTIES

4. Plaintiff Warren C. Havens resides in the State of California and was a client of the Defendants in connection with *Lukas Nace Gutierrez v. Havens et. al. v. Lukas Nace Gutierrez*, Civil Action No. 99-0395 in the US District Court for the District of Columbia, in which action Plaintiff was a defendant and counterclaimant.

5. Defendant Patton Boggs LLP is a law firm with its principal office at 2550 M Street, NW, Washington, D.C. 20037.

6. Defendant Steven Schneebaum, Esquire, is an attorney who practices in Washington, D.C., and was formerly and at all relevant times was a partner in the firm of Patton Boggs, LLP. Upon information and belief, Mr. Schneebaum resides in the District of Columbia.

7. Plaintiff does not know the true names and capacities of the defendants named herein as Does 1 through 10 and therefore sues such Does by fictitious names. All of such fictitiously named Defendants at all relevant time were agents or employees of Defendant Patton Boggs LLP working in its Washington, D.C. office, and are residents of Washington, D.C., Maryland or Virginia. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

8. Plaintiff is informed and believes that Defendants, and each of them, are, and at all times herein mentioned were, the agents, servants, employees, alter egos and/or representatives of their Co-Defendants, and were at all times herein mentioned acting within the scope, purpose, and authority of such agency, service, employment, and representation, and with the permission, knowledge, and consent of their Co-Defendants. Any reference hereinafter to "Defendants" is intended by Plaintiff to refer to "Defendants, and each of them."

## GENERAL ALLEGATIONS

9. On February 17, 1999 Defendants entered into a written agreement with Plaintiff to perform legal services in connection with litigation involving Plaintiff and Lukas Nace Guiterrez & Sachs, Civ. Action No. 0009823-98 in the Superior Court of the District of Columbia ("the Litigation") (the "Agreement").

10. Defendants represented Plaintiff in the Litigation in discovery and pretrial proceedings including court-ordered settlement undertakings. In accordance with the Agreement, Plaintiff paid Defendants in cash for its services, including retainer sums and subsequent amounts billed. There was no contingency component of the Agreement or of the actual representation, billing, and payments.

11. During the course of the Litigation, Defendants made various mistakes, errors of judgment and/or failures to competently perform the services for which Plaintiff hired them, and then withdrew as Plaintiff's counsel. They also failed to keep Plaintiff reasonably informed about the progress of the litigation and/or concealed important developments and other matters in connection with their legal representation of Plaintiff.

12. As a direct result, Plaintiff was forced to engage new counsel at great expense and risk, was subject to a court order that granted in part an adverse summary judgment, and was forced to settle his claims in the Litigation and the Litigation for vastly less than their actual value. Settlement of the Litigation was finalized on or about July 23, 2002 by court order which became final and non-appealable after a subsequent period of time.

### FIRST CAUSE OF ACTION—PROFESSIONAL NEGLIGENCE
(Against All Defendants)

13. Plaintiff reasserts and realleges paragraphs 1 through 12, above, and incorporates them by reference as if fully set forth herein.

14. Defendants, while acting as Plaintiff's attorneys in connection with the Litigation, breached the standard of care applicable to attorneys in the relevant community, and concealed

their breaches of due care from Plaintiff, and knowingly gave him bad legal advice in an effort to keep him from discovering their breaches of the standard of care.

15. As a direct, proximate and foreseeable result of Defendants' aforementioned misconduct, Plaintiff was injured in an amount to be proven at trial, in excess of the jurisdictional limit.

16. Defendants committed the acts described in this Complaint oppressively, fraudulently, and maliciously, and in reckless disregard of the Plaintiff's rights. The acts of fraud, oppression and malice were authorized by, committed by and/or ratified by an officer, agent, or managing agent of Defendant Patton Boggs LLP. Plaintiff is therefore entitled to an award of punitive damages against Defendants in an amount appropriate to punish and make an example of Defendants.

Whereupon, Plaintiff prays judgment as hereinafter set forth.

### SECOND CAUSE OF ACTION—BREACH OF CONTRACT
(Against All Defendants)

17. Plaintiff reasserts and realleges paragraphs 1 through 16, above, and incorporates them by reference as if fully set forth herein.

18. As described in paragraph 9 above, Plaintiff entered into a written agreement with Defendants (the "Agreement") for provision of legal representation to Plaintiff. A true and correct copy is attached hereto.

19. Under the terms of the Agreement, Defendants were obligated to represent Plaintiff's interests in the Litigation competently and in accordance with the standards of care applicable in the relevant community of legal professionals.

20. As described in paragraph 10 above, Plaintiff performed all of his obligations under the Agreement and paid all amounts required of him under the Agreement.

21. Defendants breached the Agreement by failing represent Plaintiff's interests in the Litigation competently and in accordance with the standards of care applicable in the relevant community of legal professionals. Defendants made various mistakes, errors of judgment and/or

failures to competently perform the services for which Plaintiff hired them. They effectively required Plaintiff to obtain substitute counsel by their wrongful actions and inactions complained of herein, and, in order to avoid Plaintiff realizing such actions and inactions (such as by Summary Judgment the other party eventually obtained due to such wrongful actions and inactions), they adamantly advised Plaintiff to pay the other party to the Litigation a high sum of money not called for under the known sworn applicable facts and law. They also failed to keep Plaintiff reasonably informed about the progress of the litigation and/or concealed important developments and other matters in connection with their legal representation of Plaintiff. They also provided damaging advice to the attorneys for the other party to the Litigation as to how such party may amend their Complaint to their advantage and Plaintiff's disadvantage.

22. As a direct, proximate and foreseeable result of Defendants' breaches of the Agreement, Plaintiff was damaged in an amount to be proven at trial, in excess of the jurisdictional limits.

Whereupon, Plaintiff prays judgment as hereinafter set forth.


[The rest of this page is intentionally left blank.]

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment as follows:

1. For general, special and consequential damages in the amount of $4 million;

2. For an award of punitive damages in the amount of $6 million or such other amount determined to be sufficient to punish, deter, and make an example of Defendants;

3. For prejudgment and postjudgment interest on any award as permitted by law;

4. For costs of suit herein; and

5. For such other and further relief as the court may deem just and proper.

Dated: July 22, 2005

By _____
Plaintiff WARREN G. HAVENS,
*In propria persona*

///

## DEMAND FOR JURY TRIAL

Plaintiff Warren G. Havens hereby demands a jury trial.

Dated:   July 22, 2005

By _____
Plaintiff WARREN G. HAVENS,
*In propria persona*