PATTON BOGGS, LLP
2550 M Street, NW
Washington, DC 20037

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WARREN HAVENS, | )<br>) |
| Plaintiff | )<br>)  Case No. 1:05CV01454 (HHK) |
| v. | )<br>)  **ORAL HEARING REQUESTED** |
| PATTON BOGGS LLP, *et al.* | )<br>) |
| Defendants. | )<br>) |

## MOTION TO DISMISS COMPLAINT

Defendants Patton Boggs, LLP ("Patton Boggs") and Steven Schneebaum ("Schneebaum") (collectively, "Defendants"), by and through their undersigned counsel, hereby move this Honorable Court, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") and the Local Rules, to dismiss Plaintiff's Complaint (the "Complaint") for failure to effect timely service of process pursuant to Fed.R.Civ.P. 4(m), stating as follows:

**I.     Plaintiff Failed to Serve the Summons and Complaint Within 120 Days**

1. Pursuant to Fed.R.Civ.P. 4(m), a plaintiff must serve a summons and complaint upon a defendant within 120 days after filing the complaint, or face dismissal of the complaint (without prejudice) absent a showing of good cause for the failure. Fed.R.Civ.P. 4(m); *see also Jones v. Nat'l Institutes of Health Police Dept., et al.*, 2005 WL 711820, at *1 (D.D.C. 2005) (dismissing complaint due to insufficient service of process under Federal Rule of Civil Procedure 12(b)(5) because plaintiff failed to serve summons and complaint within 120 after filing complaint), **Ex. A**.

2. Plaintiff's Complaint, here, must be dismissed because service of process was not made "within 120 days after the filing of the complaint." Fed.R.Civ.P. 4(m). The Complaint in this action was filed on July 22, 2005. *See* Complaint, **Ex. B**. Therefore, pursuant to Fed.R.Civ.P. 4(m), Plaintiff had until Monday, November 21, 2005, in which to serve the Summons and Complaint (day 120 fell on Saturday, November 19, 2005).

3. Plaintiff waited, however, until Monday, November 21, 2005, in which to obtain a Summons from the Clerk (the Clerk issued the Summons on November 21, 2005), and did not serve Defendants until the following day, Tuesday, November 22, 2005—123 days after the Complaint was filed. *See* Summons in a Civil Case, Case No. 05 1454 (HHK), **Ex. C**; *see also* Civil Docket for Case #1:05-cv-01454-HHK, **Ex. D**.

4. Unless Plaintiff can show good cause for failing to comply with the mandatory 120-day service requirement in Rule 4(m), the Complaint must be dismissed. *See* Fed.R.Civ.P. 4(m); *Jones*, 2005 WL 711820, at *1 (defendant contended that he was not served within 120 days, "and therefore, the case must be dismissed as to him for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5)"), **Ex. A**.

5. Moreover, "[t]he plaintiff carries the burden of establishing that [he] has properly effected service." *Jones*, 2005 WL 711820 at *1. Plaintiff, however, has made no such showing. He has not sought an extension of time from the Court and has not offered any explanation whatsoever for his failure to effect service within the 120-day period mandated by the Rules. In short, Plaintiff's actions clearly show that he exercised no diligence or reasonable effort to properly and timely effect service. Accordingly, the Court should dismiss this action pursuant to Rule 12(b)(5) for failure to effect service within the period required under Rule 4(m).

6. Pursuant to LCvR 7(f), Defendants request an oral hearing on this motion.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint without prejudice.

Dated: December 2, 2005

                              PATTON BOGGS LLP

                              /s/ Benjamin G. Chew
                              Benjamin G. Chew (DC Bar No. 418577)
                              Andrew Zimmitti (DC Bar No. 464091)
                              2550 M Street, N.W.
                              Washington, DC  20037-1350
                              Telephone:    (202) 457-6000
                              Facsimile:    (202) 457-6315

                              *Counsel for Defendants Patton Boggs LLP*
                              *and Steven Schneebaum*

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that on this ___2 nd___ day of December, 2005, a copy of the foregoing MOTION TO DISMISS COMPLAINT was electronically filed and served via first class mail, postage prepaid, upon the following:

>Warren Havens
>2649 Benvenue Ave., #1
>Berkeley, CA 94704
>Telephone: (510) 841-2220 x. 30
>*Appearing Pro Se*

/s/ Andrew Zimmitti