WARREN C. HAVENS
2649 Benvenue Avenue #1
Berkeley, California 94704
Tel: (510) 848-7797
Fax: (510) 841-2226
*In Propria Persona*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WARREN C. HAVENS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PATTON BOGGS, LLP, a Limited Law Partnership, STEVEN SCHNEEBAUM, an individual, and DOES 1 through 10,<br><br>Defendants. | CASE NO. 1:05CV01454 (HHK) |

### Opposition to
### Motion to Dismiss and Request for Oral Hearing

Plaintiff, acting pro se, hereby files an opposition to the Motion to Dismiss (the "Motion") and request for oral hearing (the "Hearing Request") filed by Defendants in this matter dated 12-2-2005. In an Order entered 12-5-05 Plaintiff was directed to respond to the Motion on or before January 5, 2006.[1]

Plaintiff Counsel and Motion to Amend. Plaintiff has interviewed counsel in the DC area to represent Plaintiff in this action (see attached Declaration) and expects to conclude retention of counsel within the next two weeks. At that time, Plaintiff anticipates that Plaintiff's

---

[1] This Order by mistake stated January 5, 2005.

Page 1

counsel may file a motion to amend this Opposition or other appropriate relief in order to respond to the Motion as counsel sees fit.

### I. The Court May, with or without Good Cause Shown, (and with or without a motion) Extend the 120 day Deadline

1. Pursuant to well-established case law regarding Fed.R.Civ.P. 4(m), any US District court, including this court, may extend the 120 day deadline in this rule (the "120 Deadline') and that this may be with or without receipt of a motion seeking such extension. See Exhibits A and B hereto, including the underlined most relevant parts. Plaintiff hereby, without separate motion, requests such an extension for all the reasons given herein.

2. In specific, this court has found, in Johnson v. Ashcroft, 2005 U.S. Dist. LEXIS 17961 ("*Johnson*") (See Exhibit B):

> Notwithstanding the plaintiff's failure to effect timely service on the D.C. defendants, the court does not dismiss the complaint in its entirety. The court's decision is based on the following: (1) the plaintiff effected service within a few days of the deadline, (2) the defendants have not claimed that they were prejudiced by the delay in effecting service, and (3) the plaintiff is litigating this case *pro se*.
>
> When a plaintiff fails to effect proper service without showing good cause, *Rule 4(m)* entrusts courts with the discretion to either dismiss the case or to direct the plaintiff to perfect service within a prescribed period of time. *FED. R. CIV. P. 4(m)*. Factors that a court may consider in exercising its discretion include: (1) whether the defendants show any actual harm on the merits of the suit caused by the delay in service; (2) whether it is likely that the defendants received actual notice of the suit within a short time after the attempted service; and (3) whether dismissal without prejudice will effectively equal dismissal with prejudice because the statute of limitations has run after the filing of the suit. *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002); *see also Panaras v. Liquid Carbonic Ind. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). This court, in previous cases, has attempted to balance the hardships that the plaintiff and the defendants face. *Wilson v. Prudential Fin.*, 332 F.Supp.2d 83, 89 (D.D.C. 2004) (granting an extension of time to perfect service where there was no great prejudice to the defendant). The D.C. defendants in this case have not claimed that they were prejudiced by the late service. Also, the D.C. defendants likely received actual notice when Banks returned the waiver of service request after the service deadline had passed.

Further, pro se plaintiffs are generally subject to less stringent standards in filing and maintaining their lawsuits than those plaintiffs who are represented by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972) (holding that a *pro se* complaint is subject to less stringent standards than formal pleadings drafted by attorneys). <u>This circuit also affords *pro se* plaintiffs latitude with regards to service issues. The D.C. Circuit has held that "pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleading."</u> *Moore v. Agency for Int'l Dev.*, 301 U.S. App. D.C. 327, 994 F.2d 874, 876 (D.C. Cir. 1993). In *Moore*, the court emphasized the "importance of providing pro *se* litigants with the necessary knowledge to participate effectively in the trial process," and concluded that while the courts "do not need to provide detailed guidance to pro se litigants . . . [they] should supply minimal notice of the consequence of not complying with procedural rules." *Id.*; *see also Hilska v. Jones*, 217 F.R.D. 16, 22 (D.D.C. 2003) (declining to dismiss the *pro se* plaintiff's complaint without minimal notice of the consequence of his failure to effect proper service). Accordingly, the court declines to dismiss the plaintiff's complaint based on the failure to effect timely service.

3. Plaintiff meets these *Johnson* standards enumerated above, as discussed below in Section III.

<u>II. Plaintiff Hereby Shows Good Cause</u>

4. This is shown in Attachment 1 hereto, a Declaration by Plaintiff. In sum, had it not been for the Court Clerk's inability, in the circumstances (due to being too busy) to forthwith process and provide the Summonses needed for Plaintiff's service agent to serve the Complaint with the Summonses, these would have been served within the 120 days.

<u>II. Under the *Johnson* Standards, and for the Good Causes Shown,
the 120 Day Deadline Should be Extended to the Service Date, and Motion Denied.</u>

5. As shown in *Johnson* (Exhibit A) and also shown in Exhibit B, the Court may and in this case should grant the nominal extension of the 120 day deadline, and thus Deny the Motion, even without this showing of good cause. However, in this case, Plaintiff shows reasonable good cause as well as satisfying the standards in Johnson for allowing service to be completed

after the 120 day deadline and not dismissing the complaint for failure to complete the service within the deadline.

6. Under the *Johnson* standards set forth above, all of the following apply in this case: (1) the plaintiff effected service within a few days of the deadline (Defendants' Motion admits this), (2) the defendants have not claimed that they were prejudiced by the delay in effecting service (this is not in their Motion), (3) the plaintiff is litigating this case *pro se,* (4) defendants received actual notice of the suit within a short time after the service (see the Returns of Services filed); and (5) dismissal without prejudice *will effectively equal dismissal with prejudice because the statute of limitations has run after the filing of the suit*-- in this case, the DC three-year statute for professional malpractice.

7. *Clearly, this is Defendants purpose of filing the Motion and only citing a non-published (and non-binding) case in support (which does not even clearly support its position),[2] when Defendants no doubt were well aware of the controlling precedents cited by Plaintiff in this Opposition: if the Court dismisses the Complaint without prejudice, it will effectively bar Plaintiff from pursuit of any remedies against Defendants.* Such a drastic action and result would be against the precedents cited in Exhibits A and B below.

8. In addition, as shown above, Plaintiff herein shows good cause for such nominal extension.

---

[2]   The language in the non-published case Defendants included in Exhibit A indicates that the plaintiff had "not satisfied the burden of establishing proper service" by "delivering a copy of the summons and complaint to the individual personally or by . . . ." It appears by this finding that plaintiff is that case did not serve the defendant at all, or not at the right place or manner, within the 120 days *or thereafter*, and also, since the plaintiff 'failed to file an opposition" to the motion to dismiss, the court granted dismissal. This does not fit the facts in this case, where the defendants were properly served, but several days after the 120 day deadline, and where Plaintiff does oppose the motion to dismiss.

9.  Since good cause has been shown, and even without it the Court has discretion and should grant the nominal extension discussed and requested above, for reasons given above, Plaintiff opposes the Defendants' request for an oral hearing.

10. If a hearing is required, then Plaintiff hereby request that he be permitted to attend by teleconference since he lives in California, if by the hearing date he has not yet employed DC area counsel to represent him in this action.

## Conclusion

11. For the above reasons, the Court should find good cause for extending the 120-day deadline in Fed.R.Civ.P. 4(m) to the date that the Plaintiff served the Summonses and Complaint in this action, 11-22-2005, and for this reason extend said deadline to 11-22-2005; find that the Complaint is thus timely served; and deny the Motion to Dismiss. An Order for this purposes is attached below.

[Execution on following page.]

Dated: January 5, 2006

_____
Plaintiff WARREN HAVENS,
*Pro Se*