**Attachment 1**

_____

Declaration of Warren Havens

I, Warren Havens (same as Warren C. Havens), declare under penalty of perjury that the following is true and correct and that I would testify to the following in this action.

1.       After filing the Complaint, I asked my local counsel in California to assist me in finding counsel in the DC area to represent me in this action.  I manage 4 telecommunications LLCs engaged in new nationwide wireless for public safety and critical infrastructure systems[3] and devote more than full time to these, but I attended regularly to seeking counsel for this action.  However, it is a complex case (a case within a case) and involved my local counsel review of extensive documents then contacting DC area candidates, discussions with them, and so forth.  When the 120 day deadline approached, my local counsel and I had completed substantial discussions with a half dozen DC area firms who handle for plaintiffs professional malpractice actions, and several best candidates indicated their initial willingness to take on the case, but further review was needed and retainer details to be worked out.  Thus, I proceeded to have the Complaint and Summonses served by myself.

2.       Thus, during the week beginning November 14, 2005 (the end of that week, on the weekend, was the end of the 120 day period), I retained two legal process server companies to serve upon Defendants the Complaint in this action along with the properly completed Summonses.  The first one was Caring Hands (phone 202 216 4310), and the second one, who eventually completed the Service, was Capital Process Servers at 1827 18th Street, N.W., DC, 20009 (phone 202 667 0050).  I prepaid with a credit card for all required services, including rush processing.  Each time, I instructed the process server manager at the companies orally in by detailed fax that they must get the Summonses (that I had completed and provided) processed at the Court and then serve the Complaint and Summonses within the 120 day deadline, whose date I specified and repeated emphasized  See Attachments to this Declaration.

3.       Each company assured me that they understood the processes involved and would complete the Service within the 120 day deadline (assuming, of course, that the addresses I provided on the Summonses were correct and allowed for service under applicable service rules—which turned out to in fact be correct).  However, first Caring Hands' representative, then Capital Process Services' representative, when going to the Court clerk's office to get the Summonses processed, was informed that, despite the 120 day deadline approaching the next week, they had to drop off the Summonses and wait for a phone call as to these being ready to

_____

[3]      Intelligent Transportation & Monitoring Wireless LLC, AMTS Consortium LLC, Telesaurus Holdings GB LLC, and Telesaurus VPC LLC, all Delaware LLC's managed by Plaintiff at these LLCs offices in Berkeley, California. The business of and the hundreds of FCC licensees of these LLC's (and of Warren Havens, Plaintiff) are described in numerous FCC filings and records accessible on the FCC ULS, ECFS, and other databases and via Google searches.

pick up and use. When Caring Hands told me this, I complained that they had assured me that they could get the Summonses immediately, and I then cancelled further attempts by that company and tried Capital Process Servers. However, they too reported, after trying to get the Summonses processed, that the Court staff would not process them. I then asked Capital to sent the process server to the courthouse again, and this time call me on his cellular phone so I could call the Court Clerk's office at while he waited and try to persuade the staff to process the Summonses. I called various numbers at the court listed on the court's website (this was on Friday, 11-18-2005, and the numbers called were 202 354-3000, -3080, -3120, -3050.), asking for assistance and noting that I had someone waiting at the courthouse, to get the summonses processed. I was switched to various persons, put on hold, left voice mail, and called back numerous times, over the course of several hours. Eventually, a clerk told me that she was aware of my previous phone call requests, was aware of the 120 day deadline rule, had looked at my case's docket, and-- No, her office was just too busy to process the Summonses and I would have to instruct the process server to drop them off and wait for a call when they had time to process these the following week, which would be just after the 120 day deadline. This staff person noted to me that the court had discretion in allowing service beyond the 120 days (and stated that the 120 days ran from the date of the issuance of the Summonses, not from the date of the filing of the Complaint), but I responded that the rule did not state 120 days from the issuance of the Summonses, and also, I did not want to have to show good cause and run that risk, and I read the applicable rule (FRCP 4m), but to no avail. The court representative expressed annoyance at my persistence, and made it clear that I could not get the Summonses processed unless they were dropped off and made ready when the court staff had time.[4]

4.    The court rules on getting the Summonses processed[5] do not require Summonses to be dropped off and picked up at an uncertain or certain later date. As noted above, I used due diligence in attempting numerous times, with various professional service process companies (and paying for their time to make successive trips to the court and wait for hours while I called the courthouse to attempt to get assistance) to get the Summonses processed, and these companies assured me it would not be a problem: they gave no indication to me when I retained them that the court staff would require these to be dropped off and picked up the following week at a time the court staff would have these processed and place a call as to them being ready.

5.    Once Capital Process Services got the Summonses back from the court, they completed service the same day within several hours. Thus, had it not been for the Court staff being too busy to process the properly completed and presented Summonses, the week before the end of the 120 day deadline, the Complaint and the Summonses would have been served within the 120 day deadline.

6.    As indicated above, supporting documents are attached to this Declaration. There are four pages of attachments.

---

[4]    My handwritten notes of these calls include that, after several attempts, I asked for the clerk of judge HH Kennedy and my call was switched to someone. I don't know, however, if the person who then came on the line was that clerk.
[5]    And the instructions provided upon filing of the Complaint.

Dated January 5, 2006

Warren Havens
2649 Benvenue Avenue, #1
Berkeley CA 94704