PATTON BOGGS, LLP
2550 M Street, NW
Washington, DC 20037

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WARREN HAVENS,<br><br>      Plaintiff<br><br>v.<br><br>PATTON BOGGS LLP, *et al*.<br><br>      Defendants. | Case No. 1:05CV01454 (HHK)<br><br>**ORAL HEARING REQUESTED** |

**REPLY IN FURTHER SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

Defendants Patton Boggs, LLP ("Patton Boggs") and Steven M. Schneebaum ("Schneebaum") (collectively, "Defendants"), by and through their undersigned counsel, hereby respond to plaintiff Warren C. Havens' Opposition to their Motion to Dismiss, stating as follows:

**I.   Plaintiff Had No Good Cause for Failing to Serve Either Defendant within 120 Days**

As a threshold matter, Plaintiff admits that he failed to serve either Defendant within the generous 120–day period allowed by Rule 4(m) of the Federal Rules of Civil Procedure. Rather than citing any good cause for such failure, Plaintiff unconvincingly blames others:

> In sum, had it not been for the Court Clerk's inability, in the circumstances (due to being too busy) to forthwith process and provide the Summonses needed for Plaintiff's service agent to secure the Complaint with the Summonses, these would have been served with the 120 days.

Pl. Opp. at 3. In his Declaration, Plaintiff, in addition to implausibly blaming the Deputy Clerk for his own failure, also appears to find fault with two process services, Declaration of Warren

3914584v1

Havens (January 5, 2006) ("Havens Decl.") ¶¶ 2-4, Attachment 1 to Pl. Opp., none of which constitutes good cause or absolves Plaintiff from his failure to effect service in a timely manner.

## II.     Plaintiff's Status as a Pro Se Litigant Does Not Excuse Him from Abiding by the Rules of This Court

Though the Court certainly has discretion to allow some leeway to *pro se* litigants at the margins, there is no separate set of rules – and certainly no extended service rule – for Plaintiffs who choose to file and prosecute actions on a *pro se* basis.

Applying a different standard would be especially inappropriate here in light of the fact that Plaintiff, by his own testimony, is a sophisticated business executive, well-versed in the legal process and had specific knowledge of the requirement well in advance of the 120-day deadline:

> After filing the Complaint, I asked my local counsel in California to assist me in finding counsel in the DC area to represent me in this action.  I manage 4 telecommunications LLCs engaged in new nationwide wireless for public safety and critical infrastructure systems….
>
> *   *   *
>
> When the 120 day deadline approached my local counsel and I had completed substantial discussions with a half dozen DC area firms who handle for plaintiffs professional malpractice actions, and several best candidates indicated their initial willingness to take on the case, but further review was needed and retainer details to be worked out.

Havens Decl. ¶ 1.

Thus, by his own admission, Plaintiff was represented by his "local counsel in California" and was specifically aware of the deadline long before he missed it.[1]  Despite this, rather than serving the Complaint in a timely manner, or requesting more time before the

---

[1] Indeed, both the Complaint and Opposition appear to be, at least in part, the handiwork of Plaintiff's "local counsel" or some other attorney, as does Plaintiff's forecast of what he believes to be Defendants' legal strategy. Opp. at 4.

deadline came and went, Plaintiff deliberately <u>chose</u> to shop his case to several firms in town, all of which apparently took a pass.

Were Mr. Havens an indigent *pro se* Defendant seeking a *nunc pro tunc* extension of the deadline to answer a Complaint, that would be an entirely different matter. But he is a sophisticated California businessman with his own "local counsel" who voluntarily assumed the risk of violating a Rule of which he was well aware. The Court should not allow Plaintiff to avoid the consequences of his knowing choice.

## **Conclusion**

The policy toward affording a more forgiving standard to *pro se* litigants does not apply to this Plaintiff, on these facts. Defendants respectfully submit that the Court should enforce Rule 4(m), which Plaintiff clearly and knowingly violated, and dismiss his Complaint pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

PATTON BOGGS LLP

/s/ Benjamin G. Chew_____
Benjamin G. Chew (DC Bar No. 418577)
Andrew Zimmitti (DC Bar No. 464091)
2550 M Street, N.W.
Washington, DC  20037-1350
Telephone:   (202) 457-6000
Facsimile:    (202) 457-6315

*Counsel for Defendants Patton Boggs LLP and Steven Schneebaum*

Dated:  January 12, 2006

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of January , 2006, a copy of the foregoing Reply in Further Support of Defendants' Motion to Dismiss was electronically filed and served via FEDERAL EXPRESS upon the following:

> Warren Havens
> 2649 Benvenue Ave., #1
> Berkeley, CA 94704
> Telephone: (510) 841-2220 ext. 30
>
> Plaintiff

/s/ Benjamin G. Chew