UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WARREN HAVENS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PATTON BOGGS LLP, *et al.* )<br>)<br>Defendants. )<br>_____) | Case No. 1:05CV01454 (HHK) |

## ANSWER

Defendants Patton Boggs, LLP ("Patton Boggs") and Steven Schneebaum ("Schneebaum") (collectively, "Defendants"), by and through their undersigned counsel, hereby answer Plaintiff Warren Havens' ("Plaintiff" or "Havens") Complaint, stating as follows:

1. Paragraph 1 alleges conclusions of law to which no responsive pleading is required.

2. Paragraph 2 alleges conclusions of law to which no responsive pleading is required.

3. Paragraph 3 alleges conclusions of law to which no responsive pleading is required.

4. Defendants admit the allegations set forth in Paragraph 4.

5. Defendants admit the allegations set forth in Paragraph 5.

6. Defendants admit the allegations set forth in Paragraph 6.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in Paragraph 7 and therefore deny such allegations. To the extent that the allegations set forth in Paragraph 7 state conclusions of law, no responsive pleading is required

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in Paragraph 8 and therefore deny such allegations. To the extent that the allegations set forth in Paragraph 8 state conclusions of law, no responsive pleading is

required.

9. Defendants admit the allegations set forth in Paragraph 9. Attached hereto and incorporated herein as **Exhibit A** is a true and correct copy of the Civil Docket for Case No. 1:99-cv-00395-LFO, which was removed from the Superior Court for the District of Columbia (originally filed as Civil Action No. 0009823-98) to this Court on or about February 19, 1999 (the "Lukas Nace Action").

10. Defendants admit the allegations set forth in the first sentence of Paragraph 10. Defendants deny the allegations set forth in the second sentence of Paragraph 10. Defendants admit the allegations set forth in the third sentence of Paragraph 10.

11. Defendants deny the allegations set forth in Paragraph 11.

12. Defendants deny that any of the allegations set forth in Paragraph 12 were a "direct result" of any alleged actions or omissions of Defendants. Defendants admit that Plaintiff filed a Notice of Substitution of Counsel in the Lukas Nace Action on May 8, 2000, a true and correct copy of which is attached hereto and incorporated herein as **Exhibit B**. Defendants also admit that, nearly 11 months following the termination of Defendants' representation of Plaintiff in the Lukas Nace Action, Plaintiff "was subject to a court order that granted in part an adverse summary judgment," and refer to the District Court's Memorandum Opinion and Order signed on March 27, 2001, granting partial summary judgment against Plaintiff, a true and correct copy of which is attached hereto as **Exhibit C**. Defendants deny the remaining allegations set forth in Paragraph 12.

13. Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 12, above.

14. Defendants deny the allegations set forth in Paragraph 14.

15. Defendants deny the allegations set forth in Paragraph 15.

16. Defendants deny the allegations set forth in Paragraph 16 and further deny that Plaintiff

is entitled to judgment against Defendants as requested in the following unnumbered paragraph beginning "Whereupon."

17. Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 16, above.

18. Defendants admit the allegations set forth in Paragraph 18.

19. The allegations set forth in Paragraph 19 reference and describe a document which speaks for itself, and to which no response is required.

20. Defendants deny the allegations set forth in Paragraph 20.

21. Defendants deny the allegations set forth in Paragraph 21.

22. Defendants deny the allegations set forth in Paragraph 22 and further deny that Plaintiff is entitled to judgment against Defendants as requested in the following unnumbered paragraph beginning "Whereupon" and the "Prayer for Relief."

23. To the extent not specifically admitted above, Defendants deny all of the allegations stated in the Complaint.

Further, Defendants state their Affirmative Defenses as follows:

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred by the applicable Statute(s) of Limitations.

### Third Affirmative Defense

Plaintiff's claims are barred by the Statute of Frauds.

### Fourth Affirmative Defense

Plaintiff's claims are barred by estoppel.

### Fifth Affirmative Defense

Plaintiff's claims are barred by the equitable doctrine of laches.

### Sixth Affirmative Defense

Plaintiff's claims are barred by release.

### Seventh Affirmative Defense

Plaintiff's claims are barred by accord and satisfaction.

### Eighth Affirmative Defense

Plaintiff failed to mitigate his damages, if any.

### Ninth Affirmative Defense

Plaintiff's claims are barred by the equitable doctrine of waiver.

### Tenth Affirmative Defense

Plaintiff's claims are barred by the equitable doctrine of unclean hands.

### Eleventh Affirmative Defense

Plaintiff's claims are barred by the doctrine of res judicata.

### Twelfth Affirmative Defense

Plaintiff's claims are barred and/or reduced by setoff.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred due to fraud.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred by failure of consideration.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred due to Plaintiff's contributory negligence.

Defendants reserve their right to amend and/or add to these affirmative defenses as additional facts are discovered as this case proceeds.

4

WHEREFORE, Defendants request that the Court enter judgment in favor of Defendants and against Plaintiff, on the following terms:

    a.    dismissing the Complaint with prejudice; and

    b.    granting Defendants all of the costs and attorneys' fees incurred in responding to the Complaint and in defending this action; and

    c.    granting Defendants such other and further relief, at law or in equity, that the Court deems just and proper.

Dated: This 20th day of January, 2006.

    PATTON BOGGS LLP

    /s/ Benjamin G. Chew
    Benjamin G. Chew (DC Bar No. 418577)
    Andrew Zimmitti (DC Bar No. 464091)
    2550 M Street, N.W.
    Washington, DC 20037-1350
    Telephone:  (202) 457-6000
    Facsimile:  (202) 457-6315

*Counsel for Defendants Patton Boggs LLP and Steven Schneebaum*

**CERTIFICATE OF SERVICE**

I DO HEREBY CERTIFY that on this 20th day of January, 2006, a copy of the foregoing ANSWER was electronically filed and served via first class mail, postage prepaid, upon the following:

>Warren Havens
>2649 Benvenue Ave., #1
>Berkeley, CA 94704
>Telephone: (510) 841-2220 x. 30
>*Appearing Pro Se*

>/s/ Andrew Zimmitti