UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WARREN HAVENS,<br><br>        Plaintiff,<br><br>v.<br><br>PATTON BOGGS LLP, *et al.*<br><br>        Defendants. | Case No. 1:05CV01454 (HHK)<br><br>**ORAL HEARING REQUESTED** |

## DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants Patton Boggs, LLP ("Patton Boggs") and Steven Schneebaum ("Schneebaum") (collectively, "Defendants"), by and through their undersigned counsel, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") and the Local Rules, hereby move this Honorable Court, to enter judgment on the pleadings in favor of Defendants and dismiss Plaintiff Warren Havens' ("Plaintiff" or "Havens") Complaint (the "Complaint") with prejudice, stating as follows:

### PRELIMINARY STATEMENT

It is apparent from the face of the pleadings and his prior filings in this Court in another action that Plaintiff failed to bring his claims within the applicable three-year limitations period as required under D.C. Code § 12-301. Accordingly, Defendants are entitled to judgment on the pleadings and dismissal with prejudice of Plaintiff's Complaint.

### ARGUMENT

**I.   The Court Should Grant Defendants Judgment on the Pleadings Under the Rule 12(c) Standard**

Where, as here, the pleadings are closed, a party may move for judgment on the pleadings. Fed.R.Civ.P. Rule 12(c). The standard applied to a Rule 12(c) motion for judgment on the pleadings is the same as that under Rule 12(b)(6). *Does I Through III v. District of Columbia*, 238 F.Supp.2d 212,

216 (D.D.C. 2002) (*citing Dale v. Exec. Office of the President*, 164 F.Supp.2d 22, 24 (D.D.C. 2001); *Longwood Vill. Rest. v. Ashcroft*, 157 F.Supp.2d 61, 66-7 (D.D.C. 2001)). Accordingly, a Rule 12(c) motion may be granted if "'plaintiffs can prove no set of facts in support of their claim which would entitle them to relief.'" *Id.* (*citing Beverly Enterprises, Inc. v. Herman*, 50 F.Supp.2d 7, 11 (D.D.C. 1999) (citations omitted)). Moreover, in considering a motion for judgment on the pleadings, the Court may consider not only matters within the pleadings, but also matters of which the Court may take judicial notice, such as "'matters in the general public record, including records and reports of administrative bodies and records of prior litigation' without triggering the conversion requirement [to a Rule 56 motion for summary judgment]." *Id.* (*quoting Black v. Arthur*, 18 F.Supp.2d 1127, 1131 (D.Or. 1998)). Thus, for purposes of this Motion, the Court may consider the public records of the prior litigation in this Court on which Plaintiff purports to base his claims—*Lukas Nace, Gutierrez & Sachs v. Havens, et al.*, Case No. 1:99-cv-00395-LFO (originally filed in the District of Columbia Superior Court as Civil Action No. 0009823-98 prior to removal to the District Court) (hereinafter, the "Lukas Nace Action"). Complaint, ¶ 9.

As set forth below, even assuming as true all well-pled facts in the Complaint and giving Plaintiff the benefit of all reasonable inferences that can be drawn from his factual allegations, Plaintiff can prove <u>no</u> set of facts in support of his claims against Defendants which would entitle him to any relief because it is evident from the face of the pleadings and public filings in the Lukas Nace Action that both of Plaintiff's claims against Defendants (for professional negligence and breach of contract) are time-barred under the District of Columbia's three-year statute of limitations, D.C. Code § 12-301.

2

**II.    Plaintiff Failed to Bring Both His Breach of Contract (Count Two) And Professional Negligence (Count One) Claims Within the Statutory Three-Year Limitations Period**

   **A. Plaintiff's Breach of Contract Claim (Count Two) Is Time-Barred and Must Be Dismissed**

Breach of contract claims are subject to the District of Columbia's three-year statute of limitations.  D.C. Code § 12-301(7).  Under District of Columbia law, the statute of limitations for express or implied contract claims begins to run from the date the contract is breached.  *Allison v. Howard University*, 209 F.Supp.2d 55, 59 (D.D.C. 2002)(*quoting Ehrenhaft v. Malcolm Price, Inc.*, 483 A.2d 1192, 1198 (D.C. 1984)(further citation omitted)).  Plaintiff, however, failed to bring his contract claims against Defendants within the requisite three years from the time he alleges Defendants breached their contract with him.  Therefore, Plaintiff's contract claims against Defendants are time-barred under District of Columbia law and should be dismissed with prejudice.

Specifically, Plaintiff alleges that he retained Defendants to represent him in the Lukas Nace Action by written retainer agreement (the "Agreement") dated February 17, 1999, a copy of which is attached to the Complaint.[1]  Complaint, ¶¶ 9, 18.  Plaintiff further alleges that, during the time Defendants represented him in the Lukas Nace Action, "Defendants breached the Agreement by failing to represent Plaintiff's interests in the [Lukas Nace Action] competently and in accordance with the standards of care applicable in the relevant community of professionals" because Defendants allegedly "made various mistakes, errors of judgment and/or failures to competently perform the services for which Plaintiff hired them."  *Id.*, ¶ 21.  As a "direct result" of Defendants' alleged "mistakes, errors of judgment and/or failures," Plaintiff alleges that he was "forced to engage new counsel at great expense and risk..."  *Id.*, ¶¶ 11, 12.  Thus, as shown in the District Court's

---

[1] The first sentence of the Agreement clearly shows that Plaintiff retained Defendants to represent him in the Lukas Nace Action: "Thank you for retaining Patton Boggs, L.L.P. to represent you in connection with the matter of <u>Lukas Nace, Gutierrez & Sachs Chartered v. Warren Havens</u>, Civ. Action No. 0009823-98 in the Superior Court of the District of Columbia or as removed to Federal District Court."  Attachment to Complaint at 1.

3

docket sheet for the Lukas Nace Action, a true and correct copy of which is attached hereto and incorporated herein as **Exhibit 1**,[2] Plaintiff replaced Defendants with new counsel by Notice of Substitution of Counsel (the "Notice"), which he filed on May 8, 2000. *See also* Defendants' Answer, Ex. A. A true and correct copy of the Notice, itself, is attached hereto and incorporated herein as **Exhibit 2**; s*ee also* Defendants' Answer, Ex. B.

Since it is evident from the face of the Complaint and the public record of the Lukas Nace Action that any alleged breach of the Agreement would had to have occurred on or before the date Plaintiff replaced Defendants with new counsel—May 8, 2000—the latest possible date that Plaintiff could have filed a breach of contract claim against Defendants was May 8, 2003—three years from the last date that Defendants represented Plaintiff in the Lukas Nace Action.[3] Ex. 2. Plaintiff, however, failed to file his Complaint against Defendants until July 22, 2005—more than two years after the three-year limitations period had expired.

Accordingly, Plaintiff's breach of contract claim against Defendants is time-barred under District of Columbia law and must be dismissed with prejudice.

### B. Plaintiff's Professional Negligence Claim (Count One) Also Is Time-Barred and Must Be Dismissed

Claims for professional negligence, including legal malpractice claims, also are subject to the District of Columbia's three-year statute of limitations. D.C. Code § 12-301(8); *Weisberg v. Williams, Connolly & Califano*, 390 A.2d 992, 994 (D.C. 1978). The three-year period in which to bring a legal malpractice claim accrues when a plaintiff has either actual notice of the cause of action or "inquiry

---

[2] The Court may consider any filings from the public record of the Lukas Nace Action without converting this Motion to one for summary judgment. *Does I Through III*, 238 F.Supp.2d at 216 (citations omitted); *see, supra*, Section I.

[3] Indeed, assuming as true Plaintiff's factual allegations for the limited purposes of this Motion (*i.e.*, that Defendants' alleged breaches occurred sometime during their representation of Plaintiff, Complaint at ¶11), it is more likely that the three-year limitations period actually began to run well before Defendants withdrew from representing Plaintiff in the Lukas Nace Action on May 8, 2000. Thus, the May 8, 2003, three-year limitations deadline is especially generous to Plaintiff.

4

notice" as of the time a reasonable investigation would have led to actual notice. *Diamond v. Davis*, 680 A.2d 364, 372 (D.C. 1996). In other words, "a claim does not accrue until a plaintiff knows, or by the exercise of reasonable diligence should know, of (1) an injury, (2) its cause, and (3) some evidence of wrongdoing." *Wagner v. Sellinger*, 847 A.2d 1151, 1154 (D.C. 2004) (*citing Bussineau v. President and Dirs. of Georgetown College*, 518 A.2d 423, 435 (D.C. 1986)). Additionally, the limitations period for a malpractice claim accrues upon plaintiff's "actual injury," not when the alleged acts causing the injury occur. *Wagner*, 847 A.2d at 1155 (*citing Fort Meyers Seafood Packers, Inc. v. Steptoe & Johnson*, 381 F.2d 261, 262 (D.C. Cir. 1967)).

Here, it is apparent from the pleadings and the public record of the Lukas Nace Action that Plaintiff, at a minimum, had inquiry, if not actual, notice of his alleged injury when, as he alleges, the District Court granted an "adverse summary judgment" against him, which allegedly "forced [him] to settle his claims in the [Lukas Nace Action] for vastly less than their actual value." Complaint, ¶ 12. Indeed, the docket sheet for the Lukas Nace Action shows that, on March 28, 2001, the District Court entered a Memorandum Opinion and Order granting, in part, the Lukas Nace plaintiffs' motion for partial summary judgment, resulting in the loss of two of Plaintiff's three counterclaims (for legal malpractice) against the Lukas Nace plaintiffs. Ex. 1. A true and correct copy of the District Court's Memorandum Opinion and Order is attached hereto and incorporated herein as **Exhibit 3**; *see also* Defendants' Answer, Ex. C. Thus, by March 28, 2001, Plaintiff certainly knew that he had lost most of the "actual value" of his counterclaims, which he alleges "forced" him into an unfavorable settlement of the case over a year later. Complaint, ¶ 12.

It also is evident from the Complaint that Plaintiff believed (and therefore had actual notice that) Defendants were the "cause" of his injury, *Wagner*, 847 A.2d at 1154 (citation omitted), because, he alleges, he "was forced to engage new counsel at great expense and risk," which he claims was "a direct result" of Defendants' "various mistakes, errors of judgment and/or failures to

5

competently perform" while representing him in the Lukas Nace Action. *Id.*, ¶¶ 11, 12. In fact, Plaintiff replaced Defendants with new counsel on May 8, 2000, nearly one year before the Court entered its Memorandum Opinion and Order on March 28, 2001. Exs. 2, 3. Plaintiff also apparently believed that there was "some evidence of wrongdoing" by Defendants, *Wagner*, 847 A.2d at 1154 (citation omitted), which he alleges is why he was "forced to engage new counsel at great expense and risk" on May 8, 2000. Complaint, ¶ 11, 12; *see also Wagner*, 847 A.2d at 1154 ("In short, knowledge is deemed sufficient if the plaintiff has reason to suspect that the defendant did something wrong, even if the full extent of the wrongdoing is not yet known.") (*citing Morton v. Nat'l Med. Enters.*, 725 A.2d 462, 468-69 (D.C. 1969)).

It therefore is apparent from the pleadings and the public record of the Lukas Nace Action that Plaintiff had inquiry, if not actual, notice of "(1) an injury, (2) its cause, and (3) some evidence of wrongdoing" by the time the District Court entered its Memorandum Opinion and Order granting summary judgment against two of Plaintiff's three counterclaims. *Wagner*, 847 A.2d at 1154 (citation omitted). Thus, the three-year limitations period for Plaintiff's legal malpractice claim began to run not later than March 28, 2001.

Pursuant to D.C. Code § 12-301(8), Plaintiff therefore had until March 28, 2004, by which to file his legal malpractice claim against Defendants. Plaintiff, however, failed to file <u>any</u> of his claims against Defendants until July 22, <u>2005</u>, eight months after the limitations period in which to bring a legal malpractice claim expired. Accordingly, Plaintiff's legal malpractice claim is time-barred under District of Columbia law and must be dismissed with prejudice.

## **CONCLUSION**

For the foregoing reasons, the Court should enter judgment on the pleadings in favor of Defendants and dismiss Plaintiff's Complaint with prejudice because it clearly is time-barred under controlling District of Columbia law.

Dated: January 20, 2006

                          PATTON BOGGS LLP

                          <u>/s/ Benjamin G. Chew</u>
                          Benjamin G. Chew (DC Bar No. 418577)
                          Andrew Zimmitti (DC Bar No. 464091)
                          2550 M Street, N.W.
                          Washington, DC  20037-1350
                          Telephone:     (202) 457-6000
                          Facsimile:      (202) 457-6315

                          *Counsel for Defendants Patton Boggs LLP and*
                          *Steven Schneebaum*

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that on this 20th day of January, 2006, a copy of the foregoing MOTION FOR JUDGMENT ON THE PLEADINGS and proposed ORDER was electronically filed and served via first class mail, postage prepaid, upon the following:

> Warren Havens
> 2649 Benvenue Ave., #1
> Berkeley, CA 94704
> Telephone: (510) 841-2220 x. 30
> *Plaintiff, Appearing Pro Se*

/s/ Andrew Zimmitti