Matthew H. Simmons, Esq.
Bar Id. MD 14700
Simmons & Associates, Chartered
7347 Wisconsin Avenue
Suite 200
Bethesda, Maryland 20814

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WARREN HAVENS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No.: 1:05CV01454(HHK) |
| PATTON BOGGS LLP, et al. ) | |
| ) | |
| Defendants. ) | |
| _____) | |

### OPPOSITION TO DEFENDANTS' MOTION
### TO FOR JUDGMENT ON THE PLEADINGS

Plaintiff, Warren Havens, by and through his undersigned counsel, hereby opposes the Defendants' Motion For Judgment on the Pleadings, and in support states:

### INTRODUCTION

Defendants' Motion For Judgment on the Pleadings is baseless and premised on the false assumption that Havens must have known he had litigable claims against defendants for malpractice and breach of contract at the time Plaintiff replaced defendant with other counsel. This assertion is false and is not supported by the pleadings. *See* Complaint, attached hereto as **Exhibit A**. Entry of judgment on a Rule 12(c) motion is only permissible where no set of facts could be adduced that would support a plaintiff's claim for relief. Here, Plaintiff discharged Defendants because their services were not worth the inflated rates they were charging. As matters of fact and law, his claims against Defendants for legal

malpractice and breach of contract did not accrue until – at the very earliest – July 23, 2002, when this Court concluded that a handwritten agreement was not the product of mutual mistake and represented all material terms necessary for an enforceable settlement in *Lukas, Nace, Gutierrez & Sachs v. Havens et al., Case No. 1:99-cv-00395* (hereinafter the "Lukas Nace Action"). *See* July 23, 2002 Memorandum Opinion in *Lukas Nact* attached hereto as **Exhibit B**. *See also* Declaration of Warren Havens, attached hereto as **Exhibit C**. Prior to July 23, 2002 (at the earliest), it remained unclear whether the litigation would continue to trial or whether there was a settlement. See **Exhibit C** (Havens Decl.) at ¶ 5. Until the *Lukas Nace* litigation finally concluded, Plaintiff did not have any cognizable (or calculable) injury; it was only then that actual damages existed or were knowable and quantifiable.

Plaintiff filed the instant action on July 22, 2005, less than three years after his causes of action accrued and therefore <u>before</u> the statute of limitation ran. Contrary to Defendant's argument and inferences they ask this Court to draw to which they are not entitled, Plaintiff's replacement of Defendants, his counsel, with other counsel does not mean that he is presumed to have known at that moment that he had or should have known that he had actionable, legally cognizable claims against Defendants. The new rule to this effect that Defendants suggest this Court adopt runs directly counter to the settled law in the District of Columbia, under which claims do not accrue until a party knows he has a claim that would withstand a motion to dismiss; that is, the party must have actual knowledge – or be chargeable with constructive knowledge – of each and every element of the cause of action in question. Here, both causes of action require a party to allege damage.

Further, the new rule urged by Defendants is flawed for other, obvious reasons. If a client's discharge and replacement of his counsel gives rise to a presumption that the client has a then litigable

malpractice or breach of contract claim, as Defendants suggest should be the case, it would be nearly impossible or at least much more difficult to practice law. Such a rule would result in a multitude of prophylactic malpractice filings – suits that (1) might never need to be fought and (2) could not be effectively litigated until other events or litigations played out to their conclusion. Our courts would become even more clogged with malpractice litigation.[1]

Entry of judgment in the instant case would be inappropriate even if one were to *assume* that Mr. Havens actually knew that his counsel had breached the contract and the professional duties they owed him as his counsel (assumptions not supported – much less dictated – by the Complaint): knowing someone has breached a contract, fiduciary or other professional duty is not the same as and does not equate to knowing one has a viable, presently litigable claim in Court for such breach(es). Breach is only one element of a claim necessary for a lawsuit. To have a viable, presently litigable claim, a plaintiff must have definite, reasonably measurable or estimable damages. Simply put, just because Mr. Havens replaced Defendants with other counsel, does not mean that his malpractice claim had accrued and that he was aware their agreement had been breached.

However, such an assumption is are not proper or necessary here. At best for Defendants, this case presents questions of fact for the finder of fact and is not summarily resolvable. It is <u>at best</u> a question of fact for the finder of fact whether or not Mr. Havens knew or should have known on July 23, 2002 that

---

[1]Successor counsel may succeed where his predecessor failed. In part in recognition of this and to keep successor counsel's hands free to litigate the case at hand rather than prepare for or protect against a potential follow on suit from or against his or her predecessor, the general rule in malpractice cases is that successor counsel owes no duty to mitigate to his predecessor. *Waldman, et al. v. Levine, et al.*, 544 A.2d 683, 694 (D.C. App. 1988), quoting, *Roberts v. Heilgeist*, 465 N.E.2d 658, 661(Ill. App. Ct. 1984).

he had litigable claims against Defendants. In reality, however, Defendants' position is not even this strong. The statute of limits question can be resolved as a matter of law in Mr. Havens' favor without inquiry into his state of mind or knowledge: this Court can determine, as a matter of law without such inquiries assumptions or or speculation, that Mr. Havens did not have and therefore could not have asserted claims against Defendants that would survive a motion to dismiss prior to July 23, 2002 at the very earliest.[2] His claims were not ripe and had not accrued because before this court's July 23, 2002 decision Mr. Havens could not prove or quantify any damages.

## STANDARD OF REVIEW

The party moving for judgment on the pleadings under Fed. R. Civ Proc. 12(c) must demonstrate that there are no disputed material facts and that judgment could be granted as a matter of law; judgment may only be entered where no set of facts could be adduced to support plaintiff's claim for relief. *United States Fid. & Guar. Co. v. Tierney Associates*, 213 F. Supp. 2d. 468 (M.D. Pa. 2002). In deciding a motion made under Fed. R. Civ. Proc. 12(c), the court applies the same standard as that applicable to motions under Fed. R. Civ. Proc. 12(b)(6), accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Scala v. American Airlines*, 249 F. Supp. 2d 176 (DC Conn 2003). In deciding a Fed. R. Civ. Proc. 12(c) motion, the issue is not whether plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support his claims; indeed, it may appear in some cases on the face of pleadings that the chance of recovery is very remote and unlikely, but that is not the test. *Id.* In considering a motion for judgment on the pleadings, the Court may consider not

---

[2] In actuality, the Court's judgment did not become final and unappealable until late August of 2002, or thirty (30) days after the July 23, 2006 decision.

4

only matters within the pleadings, but also any matter of which the Court may take judicial notice of such as "matters un the general public record, including records and reports if administrative bodies and records if prior litigation." *Black v. Arthur*, 18 F.Supp.2d 1127, 1131 (D.Or. 1998).

## ARGUMENT

1. **PLAINTIFF'S LEGAL MALPRACTICE CLAIM IS NOT BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS BECAUSE THE COMPLAINT WAS FILED WITHIN THREE YEARS FROM THE DATE THE CLAIM ACCRUED.**

The statute of limitations for a legal malpractice claim is governed by the "discovery rule" in cases where the relationship between the fact of injury and some tortious conduct is obscure at the time of injury. *R.D.H Communs. v. Winston*, 700 A.2d 766, 768 (D.C. 1997). Under this rule, a cause of action accrues when a plaintiff knew or should have known through the exercise of reasonable diligence of: (1) the existence of the injury, (2) its cause in fact, and (3) some evidence of wrongdoing. *Knight v. Furlow*, 553 A.2d 1232, 1234 (D.C. 1989).

Warren Havens' cause of action against the defendants did not accrue until the existence of injury on or after July 23, 2002. *Fort Meyers Seafood Packers, Inc. v. Steptoe & Johnson*, 381 F.2d 261, 262 (D.C. Cir. 1967). In *Fort Meyers*, the court embraced the "injury rule" for legal malpractice cases and pronounced that the statute of limitations for legal malpractice claims does not begin to run until "actual injury is suffered."[3] *Id*. Specifically, the District of Columbia Circuit addressed the question of when the

---

[3] In *Fort Meyers Seafood Packers, Inc. v. Steptoe & Johnson*, 381 F.2d 261, 262 (D.C. Cir. 1967) the court rejected the old rule that the statute of limitations begins to run when "acts causing the injury occur," in favor of the "injury rule." The court reasoned that legal malpractice is at its heart 'negligence' and should not be treated differently than any other negligence claim. Id. Consequently, like a negligence claim, a legal malpractice claim requires duty, breach, causation and <u>injury</u> before the claim can properly be said to have accrued. *Id*.

statute of limitations would begin to run on a legal malpractice action against an attorney who dispensed faulty advise concerning fishing in venezuelan waters. *Id. at 263*. Applying the "injury rule" the court held that the statute of limitations began to run when appellant's fishing boats were impounded, or when actual injury occurred, rather than when the acts causing the injury occurred, or the giving of faulty legal advice. The court went on to say:

> [T]his proposition becomes self evident when one takes time to recognize that a statute of limitations cannot begin to run until the first day on which discovery will show that the plaintiff had a bona fide lawsuit based on injury, meaning a legally cognizable claim that would survive a motion to dismiss. Absent injury there is no lawsuit.

*Fort Meyers,* 381 F.2d at 262.

Similarly, the statute of limitations in the instant case began to run when Mr. Havens was "actually injured," and not before as Defendants claim. Any actual injury to Mr. Havens due to Defendants' breach of duty did not exist until sometime after July 23, 2002 when the court issued an Opinion and Order concluding that a previously executed handwritten settlment was not the product of mutual mistake and represented material terms necessary for an enforceable settlement agreement. *See* **Exhibit A**, (Complaint) ¶ 12. *Also see* **Exhibit B,** July 23, 2002, Memorandum Op. In *Lukas Nace Action*; **Exhibit C** (Havens Decl.) at ¶ 5. Prior to this date, Mr. Havens was not sure whether a settlement existed or what the terms might be. *Id.* Moreover, he fully intended to go to trial if there was no agreement and the defendants in that case stood on their demands regarding the terms for settlement. *Id*. Actual cognizable injury to Mr. Havens did not come into existence until at the earliest July 23, 2002; this much is evident from the face of the Complaint and pleadings in the prior litigation. *See* **Exhibit A**, (Complaint) ¶ 12. Plaintiff filed the Complaint in this action on July 22, 2005, thus the statute of limitations will not bar this claim.

6

Before a claim for legal malpractice can accrue, actual injury must exist, such that a motion to dismiss could be overcome. *Fort Meyers,* 381 F.2d at 262. Any claim of legal malpractice asserted against defendants before the Court's July 23, 2002 Opinion and Order would have failed a motion to dismiss because no cognizable injury existed at this point in time. Even if Plaintiff were aware such a breaches of duty existed, which he was not, filing suit would have been premature because the possibility existed that no injury would result from Defendants breaches of their duty of care.[4]

Defendants' statute of limitations defense also fails because any statute of limitations ceased to run during the period defendants actively concealed their breach of duty. [C]oncealment of the existence of a cause of action tolls the running of a conventional statute of limitations." *Weisberg v. Williams, Connolly & Califano*, 390 A.2d 992, 996 (D.C. 1978). "And in the legal malpractice field, there is widespread agreement that the statute will not run where the existence of a cause of action for legal malpractice has been fraudulently concealed by affirmative representations." *Id*. "Concealment will exist if the attorney has knowingly made false representations; it is only then that his conduct, by way of estoppel or otherwise, will toll the running of the statute." *Id*.

Mr. Havens specifically alleges in his Complaint that after Defendants breached their duty of care, they actively concealed their breach from him by feeding him bad advice and making false representations. *See* **Exhibit A,** Complaint, ¶¶ 11, 14. It was not until late in 2003 that Warren Havens discovered that

---

[4] On July 23, 2003 United States District Judge Louis Oberdorfer could have issued a Memorandum in Mr. Havens favor, nullifying the settlement and sending the parties to trial and conceivably a favorable outcome for plaintiff. This did not occur. Instead on or perhaps thirty days after this date the litigation effectively ended and Plaintiff actually suffered injury, that is injury came into existence, and was thereafter knowable and capable of reasonable determination and quantification.

defendants had "covered-up" their breach of duty of care. See **Exhibit C** (Havens Decl.) at ¶ 4. According to prevailing District of Columbia caselaw, defendants' concealment will toll the statute of limitations. *Weisberg*, 390 A.2d, 996. Clearly, Mr. Havens in entitled to the opportunity to produce at trial facts to prove his well-plead allegations. In the context of Rule 12, he is entitled to the opportunity to do so. The standard applicable to resolution of a Rule 12(c) motion is that the Court must accept all allegations in the complaint as true and, further, must draw all reasonable inferences in favor of the nonmoving party. Unless it is clear that there could not be any set of facts that, if proven, would support relief, judgment as a matter of law cannot be granted. On the pleadings in this case, judgment as a matter of law is inappropriate. At the very least, one or more questions of fact exist that are only properly decided by the trier of fact.

2. **PLAINTIFF'S BREACH OF CONTRACT CLAIM IS NOT BARRED BY THE STATUTE OF LIMITATIONS BECAUSE PLAINTIFF BROUGHT HIS CLAIM WITHIN THREE YEARS AFTER DISCOVERY OF HIS CAUSE OF ACTION.**

Plaintiff's breach of contract claim is also not barred by the statute of limitations for the same reason the legal malpractice claim is not barred. In any claim, the statute of limitations begins to run when a claim accrues, and a cause of action accrues when its elements are present, so that the plaintiff could maintain a successful suit. *News World Communs., Inc. v. Thompsen*, 878 A.2d 1218 (D.C. 2005). *See also*, *Fort Meyers,* 381 F.2d 261, 262. In any breach of contract claim, actual damages are a necessary element. 11. *Williston on Contracts* §1395, at 484 (3rd ed). A breach of contract claim cannot be maintained without damages; after all, the courts goal in any breach of contract claim is to make the injured party whole, this cannot be accomplished without cognizable injury. *Id*.

In the instant case, Plaintiff did not have any actual damages until at the earliest July 23, 2002 when

the Court entered its Opinion and Order in the Lukas Nace Action concluding that a prior handwritten agreement was not the product of mutual mistake. *See* **Exhibit B**, July 23, 2002, Memorandum Op. in *Lukas Nace* Action; **Exhibit C** (Havens Decl.) at ¶ 5. Prior to this date, plaintiff did not have any damages that would have prevented a breach of contract claim from being defeated by a motion to dismiss. Moreover, plaintiff was prepared to go to trial and was unsure whether a settlement agreement existed, and if it did exist, what its precise terms may have been. *See* **Exhibit C**, (Havens Decl.) at ¶ 6. It is evident from the face of the complaint that plaintiffs injury did not come into existence until at the very earliest July 23, 2002. *See* **Exhibit A**, (Complaint) ¶ 12. The Complaint in this action was filed on July 22, 2005; the statute of limitations does not bar the breach of contract claim or the legal malpractice claim.

3. **ISSUES OF MATERIAL FACT EXIST CONCERNING WHEN WARREN HAVENS BECAME AWARE THAT HE HAD A CLAIM AGAINST THE DEFENDANTS PRECLUDING JUDGMENT**.

The party moving for judgment on the pleadings under Fed. R. Civ Proc. 12(c) must demonstrate that there are no disputed material facts and that judgment could be granted as a matter of law; judgment may only be entered where no set of facts could be adduced to support plaintiffs claim for relief. *United States Fid. & Guar. Co. V. Tierney Associates*, 213 F. Supp. 2d. 468 (M.D. Penn 2002). "Whether or not the plaintiff's failure to discover his cause of action was due to failure on his part to use due diligence, or to the fact that defendant so concealed the wrong that plaintiff was unable to discover it by the exercise of due diligence, is ordinarily a question of fact for the jury." *Pilz, et al. v. FDIC, et al.* No. 96-22443, 1997 U.S. App. LEXIS 16161, at *13 (4th Cir. June 2, 1997), quoting *Faust v. Hosford*, 93 N.W. 58, 59 (Iowa 1903).

Defendants' 12(c) motion cannot be granted because material issues of fact exist that can only be

properly decided by the trier of fact. The face of the Complaint and the pleadings in the *Lukas Nace* Action clearly indicate that Plaintiff's claims accrued after the Court's July 23, 2002 Opinion and Order was entered ruling that the handwritten agreement was not the product of mutual mistake gave rise to actual injury on July 23, 2002. *See*, **Exhibit A** (Complaint) at ¶ 12; *See also* **Exhibit B**, July 23, 2002, Memorandum Op in, *Lukas Nace Action*. The applicable statute of limitations for Plaintiff's causes of action did not begin to run until this date. Defendants arbitrarily settle on the date that Mr. Havens replaced Defendants as counsel as the date his claims accrued. *See* Motion for Judgment on the Pleadings, p. 4. At the very least, material issues of fact exist that preclude the granting of Defendants' motion for judgment on the pleadings.

## CONCLUSION

For the foregoing reasons, Plaintiff, Warren Havens, respectfully requests that the Defendants' Motion for Judgment on the Pleadings be denied.

Respectfully Submitted

\_\_\_\_\_/s/_____
Matthew H. Simmons
Bar Id. MD 14700
Simmons & Associates, Chartered
7347 Wisconsin Avenue
Suite 200
Bethesda, Maryland 20814
(301) 986-8444

## REQUEST FOR A HEARING

The Plaintiff respectfully requests a hearing on this Motion for Judgment on the Pleadings.

_____/s/_____
Matthew H. Simmons

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WARREN HAVENS        ) | |
| ) | |
|     Plaintiff,        ) | |
| ) | |
| v.        ) | |
| ) | Case No.: 1:05CV01454(HHK) |
| PATTON BOGGS LLP, et al.     ) | |
| ) | |
|     Defendants.        ) | |
| _____) | |

**ORDER**

UPON consideration of the Defendants' Motion for Judgment on the Pleadings and Defendant's Opposition thereto, it is this _____ day of _____, 2006 hereby

ORDERED, that the Defendants' Motion for Judgment on the Pleadings is **DENIED.**

_____
Judge

cc:

Matthew H. Simmons
Simmons & Associates, Chartered
7347 Wisconsin Avenue, Suite 200
Bethesda, Maryland 20814
(301) 986-8444

Benjamin Chew
Andrew Zimmitti
Patton Boggs LLP
2550 M Street, N.W.
Washington, D.C. 20037-1350
(202) 457-6000