Simmons & Associates, Chartered
7347 Wisconsin Avenue
Suite 200
Bethesda, Maryland 20814

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WARREN HAVENS          )
                          )
     Plaintiff,       )
                          )
     v.                )     Case No.: 1:05CV01454(HHK)
                          )
PATTON BOGGS LLP, et al.    )
                          )
     Defendants.     )
                          )

## DECLARATION OF WARREN HAVENS

I, Warren Havens, having first been duly sworn, depose and say under oath:

1.    I am an adult citizen of the United States and resident of the State of California and am competent to testify on all matters stated herein upon personal knowledge.

2.    In February 26, 2002, a court ordered settlement conference was held in *Lukas, Nace, Gutierrez & Sachs, Chartered et al v. Havens et al.*, C.A. 99-0395, in this Court. That conference produced a multiple-sentence, handwritten settlement, including an amount and an agreement to execute mutual releases.

3.    Thereafter, Lukas, Nace, Gutierrez & Sachs, Chartered (the "Lukas Firm") sent a draft settlement agreement it wanted signed. That document sharply expanded on the terms that had been agreed to at the aforementioned settlement conference, including terms that were not acceptable to me such as a mutual confidentiality provision and a broad mutual general release. Negotiations over the document proposed by the Lukas

Firm ensued, but did not result in agreement, and enforcement proceedings based on the handwritten settlement ensued.

4.      Ultimately, the Lukas Firm backed off from its position, and submitted a proposed order that was far narrower and sharply reduced from the extreme position it had previously staked out. This order, it submitted to the Court for enforcement. In the ensuing proceedings, the Court concluded that the handwritten agreement enforced was not the product of a mutual mistake; and, on July 23, 2002 it enforced a settlement based on the handwritten settlement.

5.      Prior to July 23, 2002, it was not clear to me whether there was a settlement at all, or what its precise terms would be.   Prior to entry of the Court's July 23, 2002 Opinion and Order, I fully intended to go to trial to vindicate my rights in the event that the Court concluded there had not been a binding settlement and the parties thereafter remained unable to agree to close the gap on remaining terms.

6.      Also prior to July 23, 2002, I did not know and could not have quantified with any level of precision whatever the harm, if any, I suffered as a result of any breach by the Defendants in the above captioned action of any duty or duties such defendants owed to me. For example, had the Court concluded in *Lukas, Nace* that there was no settlement, the matter may have gone to trial and the outcome could have been favorable to me.

7.      Prior to entry of the Court's July 23, 2002 Opinion and Order I had paid my counsel in full including the costs for a trial. My counsel was fully prepared for trial, our expert witnesses were prepared and our witnesses were prepared and available. Moreover, I had made arrangements to take time off for the trial.

8.      I considered appealing the July 23, 2002 Opinion and Order but ultimately

did not appeal.  The Opinion and Order became final thirty days after its entry.

**I SOLEMNLY AFFIRM UNDER PENALTY OF PERJURY AND UPON PERSONAL KNOWLEDGE THAT THE CONTENTS OF THE FOREGOING DECLARATION ARE TRUE AND CORRECT.**

_____
Warren Havens