UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WARREN HAVENS, )<br>)<br>Plaintiff ) <br>)<br>v. )<br>)<br>PATTON BOGGS LLP, *et al.* )<br>)<br>Defendants. )<br>_____) | Case No. 1:05CV01454 (HHK)<br><br>**ORAL HEARING REQUESTED** |

### DEFENDANTS' REPLY IN FURTHER SUPPORT OF
### MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants Patton Boggs, LLP ("Patton Boggs") and Steven M. Schneebaum ("Schneebaum") (collectively, "Defendants"), by and through their undersigned counsel, hereby submit their Reply in Further Support of their Motion for Judgment on the Pleadings, stating as follows:

### I.  INTRODUCTION

In his Opposition, Plaintiff Havens deliberately ignores the very ruling in the Lukas Nace Action[1] that purportedly gave rise to his "actual injury"— the District Court's Memorandum Opinion and Order dated March 28, 2001 (the "2001 Order").[2] In that ruling, the District Court granted the Lukas Nace plaintiffs' motion for partial summary judgment, resulting in the loss of two of Plaintiff's three counterclaims.  As Plaintiff himself, admits, it was this "[C]ourt [O]rder that granted adverse summary judgment" that "forced [him] to settle his claims in the [Lukas Nace Action] for vastly less than their actual value."  Complaint, ¶ 12.  Thus, the loss of the "actual value" of Plaintiff's counterclaims in the Lukas Nace Action clearly <u>was</u> the "actual injury" from which

---

[1] Capitalized terms shall have the same meaning as defined in Defendants' Motion for Judgment on the Pleadings.

[2] *See* Exhibit 1 to Defendants' Motion for Judgment on the Pleadings ("MJP").

Plaintiff's purported legal malpractice claim against Defendants began to accrue for limitations purposes, and not, as Plaintiff asserts in his Opposition, the later date on which the District Court enforced Plaintiff's voluntary settlement with the Lukas Nace plaintiffs.

Because the District Court issued the 2001 Order <u>more than three years</u> before Plaintiff filed the instant action against Defendants, Plaintiffs' legal malpractice and breach of contract claims are time-barred under District of Columbia law. Accordingly, Defendants are entitled to judgment on the pleadings and dismissal of the Complaint with prejudice.

## II. ARGUMENT

### A. PLAINTIFF'S LEGAL MALPRACTICE CLAIM IS TIME-BARRED

It is clear from the public record of the Lukas Nace Action and the Complaint itself that Plaintiff's legal malpractice claim against Defendants began to accrue not later than March 28, 2001, the date on which the District Court entered partial summary judgment against Plaintiff. Indeed, as Plaintiff alleges in his Complaint, it was the "adverse summary judgment" incurred allegedly as a result of Defendants' "various mistakes, errors of judgment and/or failures to competently perform the services for which Plaintiff hired them" that "forced [Plaintiff] to settle his claims in the [Lukas Nace Action] for vastly less than their actual value." Complaint, ¶¶ 11, 12.

As the District of Columbia Court of Appeals stated, "a claim [for legal malpractice] does not accrue until a plaintiff knows, or by the exercise of reasonable diligence should know, of (1) an injury, (2) its cause, and (3) some evidence of wrongdoing." *Wagner v. Sellinger*, 847 A.2d 1151, 1154 (D.C. 2004) (*citing Bussineau v. President and Dirs. of Georgetown College*, 518 A.2d 423, 435 (D.C. 1986)). With respect to the "injury" element, a legal malpractice claim accrues upon "actual injury," not when the alleged misconduct giving rise to the malpractice claim occurs. *Id.*, 847 A.2d at 1155 (*citing Fort Meyers Seafood Packers, Inc. v. Steptoe & Johnson*, 381 F.2d 261, 262 (D.C. Cir. 1967)). In his Opposition, Plaintiff asserts that his legal malpractice claim "did not accrue until the existence of

2

injury on or after July 23, 2002," the date on which the District Court issued its Order enforcing the settlement of the Lukas Nace Action (the "2002 Order"). Opposition at 5. Although Plaintiff cites the applicable District of Columbia law addressing when an "injury" occurs for limitations purposes in a legal malpractice action, he incorrectly applies that law to the 2002 Order, which is a downstream consequence of the actual and quantifiable injury Plaintiff incurred when he lost of most of his counterclaims in the Lukas Nace Action by virtue of the 2001 Order.

Indeed, Plaintiff's assertion, Opposition at 2, that "[u]ntil the Lukas Nace litigation finally concluded, Plaintiff did not have any cognizable (or calculable) injury" clearly is contradicted by Plaintiff's own admission that it was the <u>earlier</u> 2001 Order—the "adverse summary judgment"—that eventually "forced [him] to settle his claims in the [Lukas Nace Action] for vastly less than their actual value." Complaint, ¶ 12; *see also* MJP (Exs. 1 and 3). Thus, it is not true that Plaintiff had "no way to articulate any injury that could yield ascertainable damages" when the District Court entered summary judgment against him on March 28, 2001. *Wagner*, 847 A.2d at 1156 (*citing Fort Myers Seafood Packers, Inc. v. Steptoe & Johnson*, 381 F.2d 261, 262 (D.C. Cir. 1967), and *Knight v. Furlow*, 553 A.2d 1232, 1235 (D.C. 1989)). When Judge Green issued the 2001 Order, Plaintiff had a <u>known</u> and <u>quantifiable</u> injury—the loss of most of the "actual value" of his counterclaims. Complaint, ¶ 12. Plaintiff simply cannot use his Opposition to alter the facts he already alleged in his Complaint to avoid the limitations bar.[3]

Pursuant to the law of this District, Plaintiff was required to bring his malpractice claim within three years of the date he allegedly suffered known and quantifiable injury which, as Plaintiff admits in his Complaint, was not later than March 28, 2001. On that date, the District Court

---

[3] It is hornbook law that Plaintiff cannot use his Opposition to assert new facts in order to rescue his complaint from a Rule 12 motion. *See* 2 Moore's Federal Practice 3d § 12.34[2] at 12-69, 71 (In deciding a Rule 12 motion, "the court may consider only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the judge may take judicial notice... The court may not [ ] take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).").

entered summary judgment against Plaintiff, resulting in the loss of most of his counterclaims against the Lukas Nace plaintiffs. The mere fact that Plaintiff voluntarily entered into an "unfavorable" settlement a year later is immaterial.[4] As Plaintiff, himself, admits, by the time he was "forced" to enter into his settlement with the Lukas Nace plaintiffs, he already had lost the "actual value" of his claims. Complaint, ¶ 12. Because Plaintiff failed to bring his legal malpractice claim against Defendants within three years of losing the "actual value" of his claims, Plaintiff's legal malpractice claim is time-barred and therefore must be dismissed with prejudice.

### B. PLAINTIFF'S BREACH OF CONTRACT CLAIM ALSO IS TIME-BARRED

Plaintiff does no better in attempting to rescue his breach of contract claim from the limitations bar than with his claim for legal malpractice. There is no dispute that, under controlling District of Columbia law, Plaintiff's breach of contract claim accrued for limitations purposes upon the alleged breach of Plaintiff's contract with Defendants. *See Allison v. Howard University*, 209 F.Supp.2d 55, 59 (D.D.C. 2002)(quoting *Ehrenhaft v. Malcolm Price, Inc.*, 483 A.2d 1192, 1198 (D.C. 1984))(under District of Columbia law, three-year statute of limitations for express or implied contract claims begins to run from the date the contract is breached). Because Defendants only

---

[4] Even assuming *arguendo* that, as Plaintiff claims in his Opposition, he did not know of, nor could quantify, any injury as of March 28, 2001, he certainly would have been able to quantify that injury when he voluntarily entered into his settlement for an amount certain with the Lukas Nace plaintiffs several months before the District Court issued the 2002 Order ruling on the enforceability of that settlement. Thus, the three-year limitations period would have begun several months before July 23, 2002, rendering Plaintiff's Complaint time-barred in any event.

Moreover, Plaintiff's mere assertion that "Defendants' statute of limitations defense also fails because any statute of limitations ceased to run during the period defendants actively concealed their breach of duty," Opp. at 7, is belied by Plaintiffs' own allegations in the Complaint and the public record of the Lukas Nace Action. First, it is apparent from the Complaint that Plaintiff was aware of Defendants alleged "various mistakes, errors of judgment and/or failures to competently perform the services for which Plaintiff had hired them" before he ever filed his Complaint as this is precisely the reason why Plaintiff claims he replaced Defendants as his counsel on May 8, 2000. Complaint, ¶¶ 11, 12. Plaintiff's new and contradictory allegation that he "discharged Defendants because their services were not worth the inflated rates they were charging," Opp. at 1, obviously is intended to sidestep Plaintiff's admission in his Complaint showing that he knew of Plaintiff's alleged malpractice sometime before May 8, 2000. Notwithstanding Plaintiff's assertions to the contrary, it also defies logic that Defendants could continue to conceal any alleged malpractice from Plaintiff after Defendants ceased to represent Plaintiff and were replaced with new counsel on May 8, 2000. *See* MJP, Ex. 2. Plaintiff's mere assertion that the limitations period was tolled because Defendants somehow concealed their alleged misdeeds therefore is without any merit.

4

could have breached their contract with Plaintiff while Defendants were still working under contract for Plaintiff (*i.e.*, before Plaintiff replaced Defendants with substitute counsel in the Lukas Nace Action), Plaintiff was required to bring his breach of contract claim within three years of the date of the alleged breach, which could have occurred no later than May 8, 2000. *See* MJP, Ex.2.

Plaintiff, however, asserts that he "did not have any actual damages until at the earliest July 23, 2002." Opposition at 8. This assertion, of course, is belied by the very allegations upon which Plaintiff's breach of contract claim rests. The Complaint clearly alleges that Plaintiff was injured incidentally by having to "obtain substitute counsel" in 2000, and consequently by the District Court's "adverse summary judgment" and the loss of most of the "actual value" of Plaintiff's counterclaims in 2001. Complaint, ¶¶ 11, 12 and 21. As Plaintiff admits, he allegedly incurred both of these damages well before the District Court issued the 2002 Order on July 23, 2002. Thus, contrary to Plaintiff's mere assertion that he did not suffer "any actual damages" until the Lukas Nace Action finally concluded, it is apparent, based upon his own admissions, that Plaintiff incurred actual damages as early as May 8, 2000—among these, the alleged "great expense" he was "forced" to incur in hiring substitute counsel. *Id.* at ¶ 12.

Because Plaintiff failed to file his breach of contract claim against Defendants until July 22, 2005—over <u>five years</u> after Defendants indisputably ceased to be Plaintiff's counsel in the Lukas Nace Action—Plaintiff's breach of contract claim is time-barred and also must be dismissed with prejudice.

## **CONCLUSION**

For the foregoing reasons, and for the reasons set forth in Defendants' opening brief, the Court should enter judgment on the pleadings in favor of Defendants and dismiss Plaintiff's Complaint with prejudice because it is apparent from the pleadings and the public record of the Lukas Nace Action that Plaintiff's claims are time-barred under controlling District of Columbia

5

law.

Dated: March 20, 2006                                    PATTON BOGGS LLP

/s/ Benjamin G. Chew
Benjamin G. Chew (DC Bar No. 418577)
Andrew Zimmitti (DC Bar No. 464091)
2550 M Street, N.W.
Washington, DC 20037-1350
Telephone:    (202) 457-6000
Facsimile:    (202) 457-6315

*Counsel for Defendants Patton Boggs LLP and Steven Schneebaum*

6

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that on this 20th day of March, 2006, a copy of the foregoing REPLY IN FURTHER SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS was electronically filed and served via first class mail, postage prepaid, upon the following:

Matthew H. Simmons, Esq.
SIMMONS & ASSOCIATES, CHARTERED
7347 Wisconsin Avenue, Suite 200
Bethesda, Maryland  20814
Tel.:  (301) 986-8444
Fax:  (240) 597-0749

Counsel for Plaintiff Warren Havens

/s/ Andrew Zimmitti