# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 06-7124**                                    **September Term, 2006**

WARREN C. HAVENS,
    APPELLANT

v.

PATTON BOGGS, LLP, A LIMITED LAW PARTNERSHIP, ET AL.,
    APPELLEES

FILED JUL 3 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
FILED MAY 1 7 2007
CLERK

Appeal from the United States District Court
for the District of Columbia
(No. 05cv01454)

Before: RANDOLPH, TATEL and BROWN, Circuit Judges.



MANDATE
Pursuant to the provisions of Fed. R. App. Pro. 41(a)
ISSUED: 7/27/07
BY:
ATTACHED:
___ Amending Order
___ Opinion
___ Order on Costs

## JUDGMENT

    This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments by the parties. Upon consideration of the foregoing, it is

    **ORDERED** and **ADJUDGED** that the judgment of the District Court is hereby affirmed.

    Warren C. Havens brought this claim against Patton Boggs on July 22, 2005, for breach of contract and legal malpractice in Patton Boggs's representation of Havens in a previous civil action. Havens, as the defendant, had filed counterclaims. The district court dismissed two of Havens's counterclaims. He argues this was a result of Patton Boggs's negligent representation. Havens fired Patton Boggs, retained new counsel, and, after settling the previous case, filed this action against Patton Boggs.

A True copy:
United States Court of Appeals
for the District of Columbia Circuit
By: _____ Deputy Clerk

- 2 -

The district court dismissed Havens's claims as barred by the three-year statute of limitations, which it decided started running on May 8, 2000, once Havens fired Patton Boggs and retained new counsel. *Warren C. Havens v. Patton Boggs LLP*, No. 05-01454, 2006 WL 1773473, at *2-4 (D.D.C. June 26, 2006). Havens claims in this appeal that the district court should have calculated the statute of limitations as starting almost two years later – on July 23, 2002, when the district court in the previous case enforced the written settlement agreement. Patton Boggs agrees with the district court, but argues alternatively that the latest the limitations period began running was March 28, 2001, the date of the dismissal of Havens's counterclaims.

We agree with the district court that Havens would have been aware long before the enforcement of the settlement agreement of any injury Patton Boggs caused him. While it is true that in some cases the existence of an injury from inferior representation may not be evident until a final verdict, *see Wagner v. Sellinger*, 847 A.2d 1151, 1156 (D.C. 2004), this is not always the case, *see Weisberg v. Williams, Connolly & Califano*, 390 A.2d 992, 995 (D.C. 1978). Here, the very latest Havens must have known he was injured was when the district court dismissed his counterclaims in the previous litigation. He may not have known the extent of the injury that dismissal caused, but such knowledge is not required for the statute of limitations to begin running. *See Knight v. Furlow*, 553 A.2d 1232, 1235-36 (D.C. 1989).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. Cir. Rule 41.

           **FOR THE COURT:**
           Mark J. Langer, Clerk

BY: *[signature]*

           Deputy Clerk